UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VIRGILIO FELICIANO and DAISY FELICIANO,

        Plaintiffs,

  v.

WASHINGTON MUTUAL BANK, FA, a Washington Corporation; CALIFORNIA RECONVEYANCE COMPANY, a California Corporation; and DOES 1 through 10, inclusive,

        Defendants.

NO. 2:09-CV-01304 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant California Reconveyance Company's ("defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiffs Virgilio and Daisy Feliciano ("plaintiffs") oppose the motion. For the reasons set forth below, defendant's motion to dismiss pursuant to Rule 12(b)(6) is DENIED in part and GRANTED in part.[1]

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

Plaintiffs entered into a mortgage loan transaction ("loan"), including a Deed of Trust and securing Note, which was signed and closed on or about August 22, 2007. (Pl.'s Compl. at ¶¶ 14-15.) Plaintiffs allege that they were not lawfully provided with the following loan documents: Good Faith Estimate; HUD1 Settlement Statement; Loan Application; Escrow Statements; Adjustable Rate Rider(s); Handbook on Adjustable Rate Mortgages; HUD Brochures; Right to Cancel; Variable Rate Disclosure; Private Mortgage Insurance Disclosure; Broker's Arrangements; Disbursal Disclosures; Finance Charge Itemization Disclosure; Equal Credit Opportunity Act Disclosure; Fair Housing Act Disclosure; Privacy Disclosure; Patriot Act Disclosure; Loan Servicing Disclosure Statement; Consumer Credit Score Disclosure; California Per Diem Interest Disclosure. (Id. at ¶ 21.)

Plaintiffs allege they were induced to enter into the loan in an improper form and manner and without the proper opportunity to evaluate costs and implications in violation of the Truth in Lending Act ("TILA"). (Id. at ¶ 22.) Plaintiffs assert that the failure to accurately and effectively disclose a Truth in Lending Disclosure Statement with effective Rescission Notices was a failure to provide a "material disclosure" as defined under 15 U.S.C. § 1602(u) and Reg. Z § 226.23(a)(3). (Id. at ¶ 23.) Plaintiffs also claim defendants ratified the loan with an improper, ineffective, and unlawful omission of "material disclosures" as defined under the same statutes. (Id. at ¶ 24.)

Plaintiffs allege that on or about March 28, 2009, they received a "Notice of Default and Election to Sell Under Deed of

2

1  Trust," attached as Exhibit 1 to the Complaint.  (Id. at ¶ 25.)
2  Plaintiffs claim they have not received effective nor timely
3  communications as provided by the California Civil Code and the
4  Federal Debt Collection Practices Act ("FDCPA").  (Id. at ¶ 27.)
5  Plaintiffs allege that Exhibit 1 represents attempts to collect a
6  purported debt and threaten imminent legal proceedings contrary
7  to California Civil Code and induces confusion as to source and
8  sponsorship of the title to the Property and non-judicial
9  foreclosure services.  (Id. at ¶¶ 28-29.)  They further allege
10 that Exhibit 1 was filed using intentionally false, misleading,
11 and deceptive conduct with respect to debt collection.  (Id.)
12 Plaintiffs claim that these attempts to collect fail to identify
13 the "true owner" of the obligation, fail to identify the "real
14 party," and fail to provide legal "standing" to "enforce
15 contractual obligation."  (Id. at ¶ 31.)  Plaintiffs also allege
16 that none of the defendants are "actual note holders" or "holders
17 in possession" of the alleged indebtedness.  (Id. at ¶ 32.)

18      Plaintiffs claim they have a continuing right to rescind the
19 loan until the third business day after receiving both the proper
20 Notice of Right of Rescission and delivery of all the "material
21 disclosures," made in a form the plaintiffs may keep pursuant to
22 15 U.S.C. § 1635(a) and Reg. Z § 226.23(a).  (Id. at ¶ 33.)
23 Plaintiffs further contend the three-day right to rescind is
24 statutorily extended due to the "material failures."  (Id.)
25 Plaintiffs allege that a "controversy" has arisen due to
26 defendants' failure to provide accurate "material disclosures,"
27 and accordingly, they may tender any balance and extinguish the
28 loan by operation of law.  (Id. at ¶ 34.)  Plaintiffs further

3

allege the foregoing acts and material omissions by defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of plaintiffs' disclosure rights, and as a result, plaintiffs have suffered nausea, emesis, constant headaches, insomnia, embarrassment, and have incurred an ascertainable loss. (Id. at ¶¶ 35-36.)

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

/////

1  In ruling upon a motion to dismiss, the court may consider
2 only the complaint, any exhibits thereto, and matters which may
3 be judicially noticed pursuant to Federal Rule of Evidence 201.
4 See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th
5 Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United
6 States, Inc., 12 F. Supp.2d 1035, 1042 (C.D. Cal. 1998).

7  Ultimately, the court may not dismiss a complaint in which
8 the plaintiff alleged enough facts to "state a claim to relief
9 that is plausible on its face." Iqbal, 129 S. Ct. at 1949
10 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570
11 (2007)).  Only where a plaintiff has failed to "nudge [his or
12 her] claims across the line from conceivable to plausible," is
13 the complaint properly dismissed.  Id. at 1952.  When there are
14 well-pleaded factual allegations, "a court should assume their
15 veracity and then determine whether they plausibly give rise to
16 an entitlement to relief."  Id. at 1950.

**ANALYSIS**

**A.  TILA Rescission**

19  Plaintiffs' first claim is for rescission under TILA and
20 Regulation Z.  Plaintiffs allege the following: (1) as a result
21 of defendants' failure to provide accurate material disclosures,
22 plaintiffs are entitled to and have exercised their right of
23 rescission (Compl. at ¶ 38.); (2) the rescission of the loan
24 extinguishes any liability plaintiffs have to defendants for
25 finance or other charges arising from the transaction (Id. at ¶
26 39.); (3) defendants have a fiduciary duty and obligation to
27 perform upon plaintiffs' notice of rescission by cancelling the
28 loan  (Id. at ¶ 40.); and (4) any alleged security instrument and

notice of default and election to sell is void and unenforceable under 15 U.S.C. § 1635(b) (Id.)  Accordingly, plaintiffs seek statutory and actual relief, orders enforcing rescission, and a reasonable attorney's fee.  (Id. at ¶ 44.)

Defendant asserts that plaintiffs' rescission claim under TILA must be dismissed because defendant was not a lender or assignee in connection with the loan.

"Civil liability under TILA applies to creditors."  Pelayo v. Home Capital Funding, No. 08-CV-2030 IEG (POR), 2009 U.S. Dist. LEXIS 44453, at *12 (S.D. Cal. May 22, 2009).  "15 U.S.C. § 1641 provides that any TILA action (including a rescission claim) which may be brought against a creditor may also be brought against the assignee of a creditor.  However, under § 1641, loan servicers 'shall not be treated as an assignee of [a consumer] obligation for purposes of this section *unless the servicer is or was the owner of the obligation*.'"  Id. (emphasis in original); see also Marks v. Ocwen Loan Servicing, 2008 U.S. Dist. LEXIS 12175, at *4-5 (N.D. Cal. Feb. 6, 2008) (stating "although TILA provides that assignees of a loan may be liable for TILA violations, loan servicers are not liable under TILA as assignees unless the loan servicer owned the loan obligation at some point").

Plaintiffs allege that defendant is the designated servicer for the purported beneficiary and may be considered (1) a "functional creditor," (2) a servicer subject to RESPA, (3) a debt collector within the meaning of 15 U.S.C. § 1692(a)(6), and (4) a corporation within the scope of California DCL.  As such, while the complaint clearly identifies defendant as the

6

"servicer" of the loan, plaintiffs have also alleged that defendant was a "creditor." (Pl.'s Compl. at ¶ 7, page 3). Construing the facts and all reasonable inferences in favor of plaintiffs, the court finds it plausible that defendant was a creditor of the loan. Plaintiffs have therefore sufficiently pled that defendant is subject to liability under TILA. See Pelayo, 2009 U.S. Dist. LEXIS 44453 at *13; see also Cabalo v. EMC Mortg. Corp., No. C-08-5667 MMC, 2009 U.S. Dist. LEXIS 8283, at *6 (N.D. Cal. Feb. 5, 2009) (finding the plaintiff sufficiently pled that defendant mortgage servicer was liable under TILA under circumstances where "it [was] not clear who the loan's holder [was]" and "documents submitted by defendants [did] not show [an assignment of the loan] was never made").[2]

Accordingly, defendant's motion to dismiss plaintiff's TILA claim is DENIED.

**B.  TILA Damages**

Plaintiffs' second claim for relief is for statutory violation of TILA. Plaintiffs allege that the original payee of the note and beneficiary of all other documents at closing acted in contravention of TILA, 15 U.S.C. § 1601 *et seq.* and Reg. Z. (Id. at ¶ 46.) Plaintiffs also claim that defendants violated the requirements of TILA and Reg. Z by failing to: (1) provide all required disclosures prior to consummation of the transaction

---

[2] While defendant submits evidence that it was merely the trustee for the loan, on a motion to dismiss the court may only consider the allegations on the face of the complaint as well as any facts subject to judicial notice. Defendant has failed to submit any argument or case law regarding why the court should consider the deed of trust as dispositive of defendant's role in the transaction. However, nothing in this order prevents defendant from raising this claim later in the litigation.

7

1  in violation of 15 U.S.C. § 1638(b) and Reg. Z § 226.17(b); (2)
2  make the required disclosures "clearly and conspicuously" in
3  writing in violation of 15 U.S.C. § 1632(a) and Reg. Z §
4  226.17(a)(1); (3) reflect the legal obligation in effect at the
5  outset of the transaction under Reg. Z § 226.17(c)(1);
6  (4) effectively provide the required number of Notice of Right to
7  Cancel under 15 U.S.C. § 1635 and Reg. Z § 226.23(b); and (5)
8  accurately and effectively disclose the TILA Disclosure Statement
9  in violation of 15 U.S.C. § 1602(u) and Reg. Z 226.23(a)(3).
10 (Id. at ¶ 47.)  Accordingly, plaintiff seeks statutory and actual
11 relief and a reasonable attorney fee.  (Id. at ¶ 48.)

12     Defendant contends that plaintiffs' second cause of action
13 for TILA damages is barred by the one year limitations period of
14 15 U.S.C. § 1640(e).  Specifically, defendant contends that
15 plaintiffs entered into the loan agreement on August 31, 2007,
16 and filed their claim for damages under TILA on May 12, 2009,
17 nearly two years after the alleged violation.

18     A TILA damages claim is subject to 15 U.S.C. § 1640, which
19 provides that all actions for TILA violations are subject to a
20 one year statute of limitations, which begins to run on the
21 loan's closing date.  In cases involving loan documents, the
22 statute typically begins to run when the documents are signed,
23 unless evidence is presented to override this assumption.  Meyer
24 v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003).
25 "Equitable tolling may be applied if, despite all due diligence,
26 a plaintiff is unable to obtain vital information bearing on the
27 existence of his claim."  Santa Maria v. Pacific Bell, 202 F.3d
28 1170, 1178 (9th Cir. 2000).  "If a reasonable plaintiff would not

have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he seeks." Id.  However, where plaintiffs were not prevented from comparing their loan documents and disclosures with TILA statutory and regulatory requirements, equitable tolling is not applicable. See Hubbard v. Fidelity Federal Bank, 91 F.3d 75, 79 (9th Cir. 1996); see also Guerrero v. Citi Residential Lending, Inc., No. CV F 08-1878, 2009 U.S. Dist. LEXIS 34415, at *13 (E.D. Cal. April 3, 2009) (holding that equitable tolling was not applicable where plaintiff was not prevented from comparing their loan documents and disclosures with TILA statutory and regulatory requirements).

The court notes that while plaintiffs claim the loan was signed and closed on or about August 22, 2007, defendant contends that plaintiffs entered into the loan agreement on or about August 31, 2007.  Nevertheless, under either date, plaintiffs' TILA claim for damages is time barred as plaintiffs did not file a complaint until May 11, 2009.  Moreover, none of the factual allegations in plaintiffs' complaint indicate they were prevented from comparing their loan documents and disclosures with TILA statutory and regulatory requirements.

Accordingly, defendant's motion to dismiss plaintiff's TILA claim for damages as time barred is GRANTED.

**C.  FDCPA**

Plaintiffs' third claim for relief is for statutory violation of the FDCPA.  Plaintiffs claim that defendants violated the FDCPA by: (1) failing to provide a validation notice

9

1  under 15 U.S.C. § 1692(e)(11) and within the five days of the
2  initial communication under 15 U.S.C. § 1692(g); (2) using false
3  or misleading representations or deceptive means to collect or
4  attempt to collect a debt in violation of 15 U.S.C. §§ 1692(e)
5  and 1692(e)(10); and (3) using unfair or unconscionable means to
6  collect or attempt to collect any debt in violation of 15 U.S.C.
7  § 1692(f).  (Compl. at ¶ 50.)  Plaintiffs accordingly seek
8  statutory and actual relief, a declaration the defendants
9  violated the FDCPA, and a reasonable attorney's fee.  (Id. at ¶
10 51.)

11     Defendant contends that plaintiff's FDCPA claim must fail
12 because defendant does not fall within the Act's definition of a
13 "debt collector."

14     "The FDCPA prohibits debt collectors from making false or
15 misleading representations and from engaging in various abusive
16 and unfair practices."  Heintz v. Jenkins, 514 U.S. 291, 292
17 (1995).  To be liable for a violation of the FDCPA, the defendant
18 must be a "debt collector" within the meaning of the Act.  Id. at
19 294.  "A mortgage servicing company is not a debt collector
20 within the meaning of the FDCPA."  Connors v. Home Loan Corp.,
21 2009 U.S. Dist. LEXIS 48638 (citing Perry v. Stewart Title Co.,
22 756 F.2d 1197, 1208 (5th Cir. 1985)).

23     Here, plaintiffs allege that in addition to being the
24 servicer for the loan, defendant is also a "debt collector"
25 within the meaning of the FDCPA.  On a motion to dismiss, where
26 plaintiffs' allegations must be taken as true and all reasonable
27 inferences must be drawn, the court finds plaintiffs' allegation
28 sufficient to withstand defendant's motion to dismiss.  Cf.

10

Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193 (dismissing plaintiff's FDCPA claim where plaintiff failed both to allege defendant was a debt collector and identify the provisions of the act that were purportedly violated).[3]

Accordingly, defendant's motion to dismiss plaintiff's FDCPA claim is DENIED.

**D.   California Business & Professions Code**

Plaintiffs' fourth claim for relief is for violation of the California Business & Professions Code § 17200 *et seq*. Plaintiffs allege that they bring this claim to remedy the ongoing unlawful, unfair, and fraudulent business practices alleged herein. (Id. at ¶ 54.) Plaintiffs also allege that defendants have committed "acts of unfair competition" proscribed by the UCL by "systematically violating" the provisions of TILA, Reg. Z, the FDCPA, and the contract between the parties to an extent that induces "confusion as to source and sponsorship of services." (Id. at ¶¶ 57-58.) Plaintiffs also allege that these practices offend "public policy" and are injurious to plaintiffs and all consumers. (Id. at ¶ 61.) Plaintiffs claim that defendants knowingly made material misrepresentations with reason to know that plaintiffs would rely on them, all of which constitutes "fraudulent" business practices under UCL. (Id. at ¶¶ 62-69.) Pursuant to UCL § 17203, plaintiffs seek an order enjoining defendants from engaging in the alleged acts and practices, restitution, and recovery of attorney's fees, costs, and expenses incurred in the filing and prosecution of this

---

[3] Again, the court notes that nothing prevents defendant from raising this argument at a later stage in the litigation.

11

1 action under Code of Civil Procedures § 1021.5.  (Id. at ¶¶ 71-
2 72.)
3     Defendant seeks to dismiss plaintiffs' UCL claim because it
4 is allegedly premised upon a single incident, rather than a
5 "pattern of behavior."
6     In response to the California Supreme Court's 1988 ruling
7 that a "business practice" under Business and Professions Code
8 section 17200 must encompass more than a single transaction (See
9 State of Cal. ex rel. Van De Kamp v. Texaco, Inc., 46 Cal. 3d
10 1147, 1169-70 (1988)), the Legislature amended the statute in
11 1992 to provide that "unfair competition shall mean and include
12 any unlawful, unfair or fraudulent business act or practice . . .
13 ."  UFW of Am. v. Dutra Farms, 83 Cal. App. 4th 1146, 1163-64
14 (2000) (citations omitted).  The California Supreme Court has
15 interpreted the 1992 amendment as overruling that part of Van De
16 Kamp that interpreted the statute to require more than a single
17 "act."  Id.  Therefore, under the current version of the statute,
18 even a single act may create liability.  Id.
19     As such, contrary to defendant's assertion, plaintiffs need
20 not allege a "pattern of behavior" or "course of conduct" in
21 order to proceed with their UCL claim.  Defendant's reliance on
22 Hewlett v. Squaw Valley Ski Corp., 54 Cal. App. 4th 499 (1997),
23 is unavailing as Hewlett involved a suit filed in 1989.  Thus,
24 the court applied the statute as it read then, rather than as
25 amended in 1992.  See Dutra Farms, 83 Cal. App. 4th at 1163-64.
26     Accordingly, defendant's motion to dismiss plaintiff's UCL
27 claim is DENIED.
28 /////

**E.     Quiet Title**

Plaintiffs' fifth cause of action is to quiet title. Plaintiffs allege they are the owners of the property, and seek to quiet title against defendants because: (1) defendants are seeking to portray themselves as the owners in fee simple of the property, whereas plaintiffs allegedly have an interest in the property; (2) defendants have no right, title, interest or estate in the property; and (3) plaintiffs' interest is "adverse" to defendants' claim of ownership. (Id. at ¶¶ 75-76.)  Plaintiffs seek a judicial declaration that the title to the property is vested in plaintiffs alone and ask that defendants be enjoined from asserting any estate, right, title or interest in the property.  (Id. at ¶¶ 77-78.)

Defendant argues that plaintiffs' claim to quiet title must be dismissed because it is not verified through a sworn statement as required under California law.  Plaintiffs respond that they have "substantially complied" with the requirements of quieting title.

California Code of Civil Procedure section 760.020 provides for an action "to establish title against adverse claims to real or personal property or any interest therein."  Section 761.020 mandates a "verified" complaint for a quiet title action to include: (1) a legal description and street address of the subject real property; (2) the title of plaintiff as to which determination is sought and the basis of the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination

13

1  of the title of the plaintiff against the adverse claims.  <u>See</u>
2  <u>Cities Service Oil Co. v. Dunlap</u>, 308 U.S. 208, 212 (1939)
3  (holding that rules relating to an action to quiet title were
4  substantive, not procedural, thus warranting the application of
5  state law); <u>see also</u> <u>Lopez v. Chase Home Fin., LLC</u>, No. CV F 09-
6  0449 LJO GSA, 2009 U.S. Dist. LEXIS 34647, at *15-16 (E.D. Cal.
7  Apr. 24, 2009) (citing the requirements of Section 761.020 in the
8  dismissal of plaintiff's quiet title claim); <u>Watts v. Decision</u>
9  <u>One Mortgage Co.</u>, LLC, No. 09 CV 0043 JM (BLM), 2009 U.S. Dist.
10 LEXIS 19668, at *13-14 (S.D. Cal. March 9, 2009) (same); <u>Rosales</u>
11 <u>v. Downey Savings & Loan Ass'n</u>, No. 09cv39 WQH (AJB), 2009 U.S.
12 Dist. LEXIS 15923, at *10-11 (S.D. Cal. March 2, 2009) (same).
13     Here, plaintiffs have failed to verify the complaint in
14 their action to quiet title.  Moreover, plaintiffs fail to allege
15 with sufficient clarity a legal description of the subject
16 property, the title being sought and the basis for that title,
17 nor the adverse claims to title against which the determination
18 is sought.  As such, the elements necessary to support a quiet
19 title claim against defendant are not met.
20     Accordingly, defendant's motion to dismiss plaintiffs' quiet
21 title claim is GRANTED.

**CONCLUSION**

23     For the foregoing reasons, defendant's motion to dismiss
24 pursuant to Rule 12(b)(6) is GRANTED in part and DENIED in part.
25 The court grants plaintiffs leave to file an amended complaint
26 within fifteen (15) days from the date of this order.  Defendants
27 are granted thirty (30) days from the date of service
28 /////

1  of plaintiffs' first amended complaint to file a response
2  thereto.
3       IT IS SO ORDERED.
4  DATED: August 3, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE